IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRAVIS L. SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-434-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Travis L. Sullivan requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951).  *See also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born September 24, 1961, and was forty-seven years old at the time of the administrative hearing. (Tr. 20, 85). He completed the eleventh grade (Tr. 109), and has worked as a concrete finisher and warehouse worker (Tr. 37). The claimant alleged that he has been unable to work since April 6, 2007, due to arthritis. (Tr. 85, 104).

## Procedural History

On April 30, 2007, the claimant protectively applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 (Tr. 106-110). His applications were denied. ALJ Kim Parrish conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated September 7, 2009. (Tr. 10-16). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform a full range of light work, *see* 20 C.F.R. § 404.1567(b), with the additional limitations of only occasionally stooping, kneeling, or crouching. (Tr. 13). The ALJ concluded that, although the claimant could not return to his past relevant work, he was nevertheless not disabled

because there was work he could perform, *e. g.*, counter clerk for photo finishing, furniture rental clerk, and cashier at a self-service gas station. (Tr. 15).

### Review

The claimant contends that the ALJ erred by: (i) failing to perform a proper credibility analysis; and (ii) by failing to properly determine his RFC. The Court finds the ALJ *did* improperly assess the claimant's credibility, and the decision of the Commissioner must therefore be reversed.

The ALJ found that the claimant had the severe impairment of rheumatoid arthritis in the hands and knees. (Tr. 12). The medical evidence reveals that the claimant was repeatedly treated for this impairment. (Tr. 182-185, 203-204). The records further indicate that medications offered some temporary relief, but not complete relief, which resulted in flare-ups as well as increased pain and inflammation. (Tr. 224-231, 319-320). In August 2007, Dr. Ronald Schatzman performed a consultative examination and concluded that the claimant's arthritis was severe, and noted that his steroid therapy and Methotrexate therapy had been discontinued due to finances; that the claimant did not use walking aids, but it would have been difficult to do so because of the claimant's sinovitis in his hands and feet; and that the claimant's rheumatoid arthritis was "quite active" and "significantly interfering with activities of daily living." (Tr. 232-235). A February 2008 consultative examiner noted swelling in the claimant's joints at his hands and feet, and noted he had a "stable, solid gait." (Tr. 290).

At the administrative hearing, the claimant testified that his hands swell up every two months or so, and that the swelling lasts for days even with the use of medication.

(Tr. 25-26).  He further testified that he cannot walk or sit too long—approximately twenty minutes—without experiencing severe pain.  (Tr. 31).  He stated that he had been given an appointment for a pulmonary lung function test, but no one was present when he showed up for the appointment; that he was told they would reschedule, but they never did; and that one of the bases for denying him listed his failure to attend that examination.  (Tr. 29-30, 379).  He stated that, in addition to the near-constant pain, his joints frequently swelled in his hands, arms, shoulders, and knees.  (Tr. 34-35).

A credibility determination is entitled to deference unless there is an indication the ALJ misread the medical evidence taken as a whole.  *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).  Further, an ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings.  *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987).  But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted].  A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'"  *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (July 2, 1996).  The ALJ's credibility determination fell below these standards.  The ALJ mentioned that he had considered the requirements of Social Security Ruling 96-7p, but he made no mention of the requisite credibility factors set forth in 20 C.F.R. § 404.1529 or *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987) and

further failed to apply them to the evidence.[2]  Although an ALJ is not required to perform a "formalistic factor-by-factor recitation of the evidence[,]" *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), "simply 'recit[ing] the factors'" is insufficient.  *Hardman*, 362 F.3d at 678, *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *4.  Here, the ALJ mentioned Soc. Sec. R. 96-7p and briefly summarized the medical evidence (including the testimony of the claimant), but did not affirmatively link any of the factors to specific evidence.  *See Kepler*, 68 F.3d at 391 (The ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible."); *see also Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008) ("The ALJ's purported pain analysis is improper boilerplate because he merely recited the factors he was supposed to address and did not link his conclusions to the evidence[.]").  Indeed, the ALJ's entire credibility analysis here was the following:  "After careful consideration of the evidence, the Administrative Law Judge finds that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms have not been credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 16).

The problem with the ALJ's analysis of the claimant's credibility (apart from vagueness) is that he should have *first* evaluated the claimant's testimony (along with all

---

[2] The factors to consider in assessing a claimant's credibility are:  (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken; (5) treatment for pain relief aside from medication; (6) any other measures the claimant uses or has used to relieve pain or other symptoms; (7) any other factors concerning functional limitations.  Soc. Sec. Rul. 96-7p at 3, 1996 WL 374186 (1996).

the other evidence) according to the guidelines *and only then* formulated an appropriate RFC, not the other way around, *i. e.,* the ALJ apparently judged the credibility of the claimant's testimony by comparing it to a pre-determined RFC. *See, e. g., Bjornson v. Astrue*, 2012 WL 280736 at *4-5 (7th Cir. Jan. 31, 2012) (slip op.) (in addressing nearly identical language, "[T]he passage implies that ability to work is determined first and is then used to determine the claimant's credibility.  That gets things backwards  The administrative law judge based his conclusion that Bjornson can do sedentary work on his determination that she was exaggerating the severity of her headaches.  Doubts about credibility were thus critical to his assessment of ability to work, yet the boilerplate implies that the determination of credibility is deferred until ability to work is assessed without regard to credibility, even though it often can't be.").  And although he discussed much of the medical evidence, including the claimant's testimony, the ALJ wholly failed to specify any evidence that caused him to disbelieve the claimant.

Because the ALJ failed to properly analyze the claimant's credibility, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis.  If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

The Court hereby FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence.  The

Commissioner's decision is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 21st day of March, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma